## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Cathleen M. Haines<br>**Debtor** | CHAPTER 13 |
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, SUCCESSOR INDENTURE TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS INDENTURE TRUSTEE ON BEHALF OF THE NOTEHOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2006-H<br>**Movant**<br>vs.<br>Cathleen M. Haines<br>**Debtor**<br>John L. Haines<br>**Co-Debtor**<br>Kenneth E. West, Esquire<br>**Trustee** | NO. 18-17782 ELF<br><br>11 U.S.C. Section 362 and 1301 |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence located at 4801 Argyle Road, Brookhaven, PA 19015, is **$2,489.26**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | September 25, 2021 at $297.94; October 25, 2021 at $292.32; November 25, 2021 at $291.85; December 25, 2021 at $294.84; January 25, 2022 at $292.16 |
| Fees & Costs Relating to Motion: | $1,238.00 |
| Suspense Balance: | $217.85 |
| **Total Post-Petition Arrears** | **$2,489.26** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on February 25, 2022 and continuing through July 25, 2022, until the arrearages are cured, Debtor(s) shall resume on February 25, 2022 the regular monthly mortgage payment of **$289.06** (or as adjusted pursuant to the terms of the mortgage) on or before the twenty-fifth (25th) day of each

month, plus an installment payment of $414.88 for March 15, 2022 to July 15, 2022 and $414.86 for August 15, 2022 towards the arrearages on or before the last day of each month at the address below:

BANK OF AMERICA, N.A.
P.O. BOX 660933
DALLAS, TX 75266

      b).    Maintenance of current monthly mortgage payments to the Movant thereafter.

      3.    Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

      4.    In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation and the loan is more than sixty (60) days in default, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

      5.    The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

      6.    If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

      7.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

      8.    The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: February 17, 2022     By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant
KML Law Group, P.C.

Date: 2/25/22

Michael Gumbel, Esquire
Attorney for Debtors

Date: March 1, 2022     /s/ LeRoy W. Etheridge, Esquire, for*
Kenneth E. West, Esquire
Chapter 13 Trustee

*No objection to its terms, without prejudice to any of our rights and remedies*

Approved by the Court this _____ day of _____, 2022. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Eric L. Frank